IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT RAY TALTON (TDCJ No. 1891182), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:13-cv-4571-N-BN |
| ELLIS COUNTY SHERIFF'S OFFICE, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On November 15, 2013, Plaintiff, proceeding *pro se*, filed this civil rights action alleging abuse of power, official oppression, and racism in the Ellis County Detention Center. *See* Dkt. No. 3 at 1, 2. On preliminary review, the Court entered a Notice of Deficiency and Order directing Plaintiff to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. He was also directed to file an amended complaint on the Court's prisoner civil rights form. *See* Dkt. No. 4.

Plaintiff cured the deficiencies by filing his amended complaint and seeking leave to proceed *in forma pauperis*. *See* Dkt. Nos. 6 & 7. Because the information

provided by Plaintiff in his pauper's affidavit indicated that he lacked the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis*. *See* Dkt. No. 10. The Court then sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 9. Plaintiff answered the interrogatories on January 14, 2014. *See* Dkt. No. 12.

In his amended complaint, Plaintiff alleges that Defendants engaged in "racial misconduct" by selecting kitchen trustees based on race and by punishing African American inmates more severely than Caucasian inmates. *See* Dkt. No. 6 at 4. He claims that Defendants abused their power by forcing him to scrub pots and pans until his hands were bleeding. *See id.* And he complains of "official oppression by a jailor name "Marla" who allegedly "mistreats and belittles anyone [ ] she doesn't like and makes them do things she won't make others do, especially Black trustees." *Id.*

The undersigned now concludes that Plaintiff's complaint should be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**Legal Standards**

A district court may summarily dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff alleges that, beginning in July 2013, racism became a problem in the Ellis County Jail and that there was concern throughout the jail. *See* Dkt. No. 12 at Question 5. He claims that some African Americans were treated so badly in the jail kitchen that they would not return. *See id.* He states that a jail employee named Marla used the "N-word" in front of several trustees and that "she made false allegations [against him]." *Id.*

As a trustee, Plaintiff worked in the jail kitchen. *See id.* at Question 6. He claims to have been "targeted" by Marla "from day one." *Id.* Plaintiff claims that Marla would separate him from another African American inmate if she saw them talking and that she told them to keep their mouths shut but never gave such a directive to Caucasian inmates. *See id.* Plaintiff states that, despite the fact that every Caucasian inmate who worked for Marla was caught stealing, she asked another employee to make sure Plaintiff had not "stashed anything" after he left the kitchen. *See id.* Plaintiff claims that one Caucasian inmate who was caught stealing was not even punished until the second theft offense. *See id.* Plaintiff argues that these facts clearly evince racial discrimination. *See id.*

"Inmates have the constitutional right to be free from racial discrimination." *Bentley v. Beck*, 625 F.2d 70, 71 (5th Cir. 1980); *Lee v. Washington*, 390 U.S. 333 (1968). To state an equal protection claim, Plaintiff must allege that similarly situated individuals have been treated differently, and he must also allege purposeful

or intentional discrimination. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

The Court has the power to pierce the veil of a *pro se* plaintiff's allegations and dismiss claims with factual contentions that are clearly baseless. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Although *pro se* complaints are to be construed liberally, the Court is bound by the allegations of the complaint and is not free to speculate that a plaintiff might be able to state a claim if given yet another opportunity to add more facts. *See id.*

Plaintiff was given the opportunity to expound on the factual allegations of his complaint through a questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). But Plaintiff failed to allege facts that would indicate that actions taken against him by Defendants were taken against him with intent to discriminate because of his race. *See* Dkt. No. 12 at Questions 4, 5, 6. Plaintiff's subjective belief that Defendants acted for purposes of discrimination is insufficient to maintain this claim.

Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when directed by the Court to state the factual basis of a claim. *See Fernandez-*

*Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under 42 U.S.C. § 1983). Plaintiff's mere suspicion or belief that he has suffered race-based discrimination is insufficient to maintain this action. *See Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001) (dismissing civil rights complaint because inmate did not allege any facts to demonstrate prison officials "purposefully intended to discriminate against him as a member of an identifiable group"); *Whitley v. Hunt*, 158 F.3d 882, 888-89 (5th Cir. 1998) (affirming district court's dismissal of an inmate's complaint where the plaintiff's claim of racial discrimination lacked any factual support); *Al–Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (finding "conclusory allegations of malice [ ] insufficient to maintain [a] claim" of racial discrimination); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (denying prisoner's equal protection claim because he failed to offer proof of discriminatory intent or a specific act of discrimination).

To the extent, if any, that Plaintiff seeks redress for being threatened, harassed, or taunted by Defendants, he cannot prevail. Threats, verbal taunts, insults, and even racial slurs, which may be viewed as offensive, do not give rise to liability under the Civil Rights Act. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil

rights action.); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries, angry words, or passing thumps do not rise to the level of constitutional abuses). Courts that have considered claims based on the exchange of verbal insults between prisoners and correctional officers have uniformly held that they do not provide grounds for an action under 42 U.S.C. § 1983. *See, e.g., Somers v. Thurman*, 109 F.3d 614, 622 & n.5 (9th Cir. 1997); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Shabazz v. Cole*, 69 F.Supp.2d 177, 201 (D. Mass. 1999); *Brown v. Croce*, 967 F.Supp. 101, 104 (S.D.N.Y. 1997). Assuming the truth of Plaintiff's allegations of harassment and a racial slur uttered in front of trustees, that conduct does not rise to the level of civil rights violations.

Finally, Plaintiff argues that Defendants Ellis County Sheriff's Office and Correctional Food Service Company should be held liable for the actions of their employees and staff deputies. *See* Dkt. No. 12 at Question 5. These Defendants cannot be held responsible for the alleged acts or omissions of their subordinates because there is no *respondeat superior* or vicarious liability in the context of a Section 1983 claim. *See Monell v. Dep't of Social Servs.*,436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff has offered no facts that could indicate that these Defendants were involved in violating his civil rights. *See* Dkt. No. 12 at 4, 5, 6. A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. *See Howard v. Fortenberry*,

723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984).

Plaintiff must show an affirmative link between the incident and some act by the defendant. *See Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). Plaintiff has not stated facts that could demonstrate any such link for Defendants Ellis County Sheriff's Office and Correctional Food Service Company.

## Recommendation

Plaintiff's complaint should be summarily DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE