IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT RAY TALTON           §
(TDCJ No. 1891182),         §
                            §
          Plaintiff,        §
                            §
V.                          §          No. 3:13-cv-4571-N-BN
                            §
ELLIS COUNTY SHERIFF'S OFFICE, §
ET AL.,                     §
                            §
          Defendants.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff has filed a motion in the Fifth Circuit to proceed *in forma pauperis*

on appeal, and the Fifth Circuit forwarded the motion to this Court. *See* Dkt. No. 23.

Plaintiff also filed in the Fifth Circuit a motion to appoint counsel, which the Fifth

Circuit also forwarded to this Court. *See* Dkt. No. 24. Plaintiff attached his inmate

trust account statement to his separately-filed motion to appoint counsel. *See* Dkt.

No. 24.

For the reasons his complaint was dismissed, as set out in the dismissal order,

Plaintiff has not shown his appeal presents a good faith, non-frivolous issue for

appeal.  S*ee* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962).  Therefore, it is recommended that Plaintiff's *in forma pauperis* application

(Dkt. No. 23) be DENIED.

The filing fee for an appeal is $505.00.  Pursuant to *Baugh v. Taylor*, 117 F. 3d 197, 202 n.22 (5th Cir. 1997), it is recommended that this Court make the following Order concerning assessment of the initial partial filing fee on appeal:

1.     The agency having custody of Plaintiff shall, when funds exist, in Plaintiff's inmate trust account or institutional equivalent, forward to the Court an initial partial filing fee of **$0.00**.

2.     Plaintiff shall pay **$505.00**, the balance of the filing fee, in monthly installments as provided in 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, if any, the agency having custody of Plaintiff shall deduct %20 of each deposit made to Plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00.

3.     If Plaintiff moves the United States Court of Appeals for the Fifth Circuit to proceed *in forma pauperis* on appeal, the Clerk of Court shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to this Court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**Recommendation**

The Court should deny Plaintiff's motion to proceed *in forma pauperis* on appeal (Dkt. No. 23) and enter the recommended order regarding the appellate filing fee pursuant to *Baugh v. Taylor*.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE